JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

18-cv-649

18 649

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
SEE ATTACHED SHEET

## DEFENDANTS
SEE ATTACHED SHEET

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☒ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 550 Civil Rights ☐ 555 Prison Condition ☐ 560 Civil Detainee - Conditions of Confinement | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
FCRA 15 U.S.C. § 1681

Brief description of cause:

FEB 14 2018

## VII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____ DOCKET NUMBER _____

FEB 14 2018

DATE
02/14/2018

SIGNATURE OF ATTORNEY OF RECORD
*[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

**WB**

**UNITED STATES DISTRICT COURT**    18    649

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: ___SEE ATTACHED SHEET___

Address of Defendant: ___SEE ATTACHED SHEET___

Place of Accident, Incident or Transaction: ___N/A___
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes☐   No☒

Does this case involve multidistrict litigation possibilities?    Yes☐   No☒
RELATED CASE, IF ANY:
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐   No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐   No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐   No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐   No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. Federal Question Cases:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
    (Please specify) ___FCRA 15 U.S.C. § 1681 et seq.___

B. Diversity Jurisdiction Cases:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

**ARBITRATION CERTIFICATION**
(Check Appropriate Category)

I, ___Richard Kim___, counsel of record do hereby certify:
☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☒ Relief other than monetary damages is sought.

DATE: __02/14/18__    _____    __202618__
                       Attorney-at-Law              Attorney I.D.#

FEB 14 2018

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __02/14/18__    _____    __202618__
                       Attorney-at-Law              Attorney I.D.#

CIV. 609 (5/2012)



## CIVIL COVER SHEET ATTACHMENT

**Plaintiff:**

Angela Allen, 1801 Ridgeview Court, Parlin, NJ, 08859

**Represented by:**

The Kim Law Firm, LLC
Richard Kim, Esquire
Attorney I.D. No.: 202618
1500 Market St.
Centre Square – West Tower
Suite W-3110 Philadelphia,
PA 19102 Ph. 855-996-6342
Fax 855-235-5855
rkim@thekimlawfirmllc.com

Kevin J. Kotch, Esquire
Attorney I.D. No.: 70116
Ferrara Law Group, P.C.
One State Street Square
50 W State St., Suite 1100
Trenton, NJ 08608
609.571.3742 (Tel)
609.498.7440 (Fax)
kevin@ferraralawgp.com

**Defendants:**

Trans Union, LLC, 1510 Chester Pike, Crum Lynne, PA  19022

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | |
|---|---|
| Angela Allen, on behalf of herself and all others similarly situated, Plaintiff<br><br>v.<br><br>Trans Union, LLC, Defendant | CIVIL ACTION<br><br>NO. 18   649 |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                      ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                               ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                  (X)

(f) Standard Management – Cases that do not fall into any one of the other tracks.

| 02/14/2018 | _signature_ | Richard Kim |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** Plaintiff |
| 855-996-6342 | 855-235-5855 | rkim@thekimlawfirmllc.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

FEB 14 2018



# IN THE UNITED STATES DISTRICT COURT FOR
# THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Angela Allen, on behalf of herself and all others similarly situated <br><br> PLAINTIFF, <br><br> v. <br><br> Trans Union, LLC. <br><br> DEFENDANT. | Civil Action No.  18  649 <br><br> CLASS ACTION COMPLAINT <br><br> JURY TRIAL DEMANDED |

Plaintiff Angela Allen ("Allen" or "Plaintiff"), by and through her undersigned attorneys, on behalf of herself, and the Putative Class set forth below, and in the public interest, hereby brings the following class action Complaint against Defendant Trans Union, LLC ("TU" or "Defendant") pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* (the "FCRA").

## PRELIMINARY STATEMENT

1. This is a consumer class action based on the widespread violations of the FCRA by Defendant TU for failing to provide consumers with a revised consumer report that is based upon the consumer's file as that file is revised as a result of an investigation.

2. Indeed, pursuant to Section 1681i(a)(6)(B)(ii) of the FCRA, a consumer reporting agency such as TU must provide "a consumer report that is based upon the consumer's file as that file is revised **as a result of the reinvestigation**."[1] (emphasis added.)

3. TU repeatedly and systematically issues credit reports (*i.e*, consumer reports) that

---

[1] The term investigation and reinvestigation are synonymous under the FCRA.

1

are not revised based on the results of an investigation and includes information that is supposed to be deleted from consumer files.

4. This failure to adhere to the FCRA results in the dissemination of false information to consumers about the status of their credit reports.

5. Additionally, the continued reporting of the inaccurate information (*i.e.*, failing to remove deleted trade lines) in Plaintiff's credit report have caused Plaintiff and Class Members further concrete harm through the inclusion of false information.

6. Accordingly, on behalf of herself and the Putative Class proposed herein, Plaintiff seeks statutory damages, punitive damages, costs and attorneys' fees, equitable relief, and all other appropriate relief pursuant to the FCRA.

## PARTIES

7. Individual and representative Plaintiff Angela Allen is a resident of Parlin, New Jersey. Ms. Allen is a member of the Putative Class defined below and is a consumer as that term is defined by applicable law, including but not limited to the FCRA.

8. Defendant TU is a business entity that regularly conducts business in the Eastern District of Pennsylvania, with a principal place of business located at 1510 Chester Pike, Crum Lynne, Pennsylvania 19022. TU is a "person" as that term is defined by the FCRA.

## JURISDICTION AND VENUE

9. Venue is proper in the United States District Court, Eastern District of Pennsylvania, Philadelphia, pursuant to 28 U.S.C. § 1391(b) as Defendant engages in substantial business activity in the district and a substantial part of the events or omissions giving rise to the claim occurred within the district. 28 U.S.C. § 1391(b).

10. TU maintains a principal place of business in the District, does substantial business in the District, and is subject to personal jurisdiction in the District.

## FACTUAL ALLEGATIONS

11. TU is one of the "big three" credit reporting agencies and is required to comply with the FCRA. As a credit reporting agency, the United States Congress ("Congress") has determined that TU and other credit reporting agencies "have assumed a vital role in assembling and evaluating consumer credit and other information." 15 U.S.C. § 1681(a).

12. If a consumer finds inaccurate information on their credit reports, the FCRA allows that information to be disputed by a consumer. Following a dispute, a credit reporting agency is required to engage in an investigation of the disputed information to determine whether the information is accurate. 15 U.S.C. § 1681i(a).

13. Following the investigation, if information is found to be inaccurate, a credit reporting agency can change a consumer's credit report by deleting the disputed information when appropriate.

14. However, TU has been issuing contradicting information following consumer disputes. Specifically, TU will report in its investigative results that the disputed trade line is deleted, but provide a consumer disclosure (*i.e.*, credit report) still containing the purportedly deleted information. This wrongdoing violates Section 1681i(a)(6)(B)(ii) of the FCRA, and results in a concrete informational harm by misinforming consumers as to the true status of their consumer report.

15. Indeed, Plaintiff was subject to this very treatment. Plaintiff's TU credit report contained three different collections account trade lines regarding medical debt that did not belong to her.

3

16. After Plaintiff disputed the debt with TU, investigative results (the "Investigative Results") dated September 18, 2017, were sent to Plaintiff, and represented that the medical debt for the three disputed trade lines would be "Deleted" from Ms. Allen's credit report.

17. Although the Investigative Results stated that the collections accounts would be "Deleted", the accompanying credit report contradicted the Investigative Results, and two of the three collections accounts remained.

18. The failure of TU to provide Plaintiff with a revised consumer report that is based upon the investigation is the quintessential definition of a concrete informational harm; and violates Section 1681i(a)(6)(B)(ii) of the FCRA.

19. Additionally, the continued reporting of the inaccurate information (*i.e.*, failing to remove deleted trade lines) in Plaintiff's credit report cause Plaintiff and Class Members further concrete harm through the inclusion of false information.

20. At all times pertinent hereto, Defendant was acting by and through its agents, servants or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant.

21. At all times pertinent hereto, the conduct of the Defendant, as well as that of its agents, servants or employees, was intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of the Plaintiff.

22. Because of Defendant's conduct, the Plaintiff and members of the Putative Class have suffered concrete injuries for which they are entitled relief.

## CLASS ACTION ALLEGATIONS

23. Plaintiff asserts his claim in Count One individually and on behalf of the "FCRA Unrevised Consumer Report Class" defined as follows:

4

**FCRA Unrevised Consumer Report Class**. All persons within the United States who: (1) disputed the accuracy of any information on a credit report; (2) resulting in Defendant providing notice of the investigation of the dispute that the disputed item would be deleted; and (3) Defendant providing to the person a consumer report still containing the purportedly deleted information.

24. **Numerosity.** The members of the Putative Class are so numerous that the individual joinder of all its members is impracticable. While the exact number and identities of the members of the Putative Class are unknown to Plaintiff at this time, and can only be ascertained through appropriate discovery, Plaintiff is informed and believes that the Putative Class includes thousands of members, which can be ascertained by the records maintained by Defendant.

25. **Typicality.** Plaintiff and members of the Putative Class were harmed by the acts of Defendant in at least the following way: Defendant routinely issued false and unrevised consumer reports despite informing consumers that disputed trade lines were deleted. The FCRA violations suffered by Plaintiff are typical of those suffered by other members of the Putative Class, and Defendant treated Plaintiff consistent with other members of the Putative Class.

26. **Adequacy.** Plaintiff is an adequate representative of the Putative Class. As a person who was informed that the disputed information within her consumer report was deleted but was later provided with a credit report that still contained purportedly deleted information, Plaintiff's interests are aligned with, and are not antagonistic to the interests of the members of the Putative Class. Plaintiff has retained counsel competent and experienced in complex class action litigation.

27. **Commonality.** Common questions of law and fact exist as to all members of the Putative Class and predominate over any questions solely affecting individual members of the Putative Class, including but not limited to:

5

    a. Whether Defendant issued consumer reports that contained disputed information that was claimed to have been deleted pursuant to Defendant's investigation of the dispute by the consumer;

    b. Whether Defendant's actions violated the FCRA by issuing consumer reports that contained disputed information that was claimed to have been deleted pursuant to Defendant's investigation of the dispute by the consumer;

    c. The proper measure of statutory and punitive damages; and

    d. The proper form of injunctive and declaratory relief.

28. The case is maintainable as a class action under Fed. R. Civ. P. 23(b)(l) because prosecution of actions by or against individual members of the Putative Class would result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for Defendant. Further, adjudication of each individual Class member's claim as a separate action would potentially be dispositive of the interest of other individuals not a party to such action, impeding their ability to protect their interests.

29. The case is maintainable as a class action under Fed. R. Civ. P. 23(b)(2) because Defendant has acted or refused to act on grounds that apply generally to the Putative Class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the Class as a whole.

30. Class certification is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Putative Class predominate over any questions affecting only individual members of the Putative Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendant's conduct described in this Complaint stems from common and uniform policies and practices, resulting in

common violations of the FCRA. Members of the Putative Class do not have an interest in pursuing separate actions against Defendant, as the amount of each Class member's individual claims is small compared to the expense and burden of individual prosecution, and Plaintiff is unaware of any similar pending claims brought against Defendant by any members of the Putative Class on an individual basis. Class certification also will obviate the need for unduly duplicative litigation that might result in inconsistent judgment concerning Defendant's practices. Moreover, management of this action as a class action will not present any likely difficulties. In the interests of justice and judicial efficiency, it would be desirable to concentrate the litigation of all Putative Class member's claims in a single forum

31. Plaintiff intends to provide notice to all members of the Putative Class to the extent required by Rule 23. The name and addresses of the Putative Class members are available from Defendant's records.

## CAUSES OF ACTION

### COUNT ONE

**(Asserted on behalf of Plaintiff and the FCRA Unrevised Consumer Report Class)**

**Violation of the Fair Credit Reporting Act**

**15 U.S.C. § 1681** *et seq.*

32. Plaintiff incorporates by reference all other allegations and paragraphs of the Complaint as if set forth herein at length.

33. Plaintiff is a "consumer" as defined by the FCRA.

34. TU is a "person" as defined by the FCRA.

35. Defendant's conduct violates 15 U.S.C. § 1681i(a)(6)(B)(ii) by issuing a consumer reported that is not revised as a result of the Defendant's investigation of a disputed trade line.

7

36. The foregoing violation was willful. TU knew that it was required to issue revised consumer reports, instead of providing contradicting information to consumers, and acted in deliberate or reckless disregard of its obligations and the rights of Plaintiff and other Class members.

37. Plaintiff and the Class are entitled to statutory damages of not less than $100 and not more than $1,000 for each and every one of these violations, pursuant to 15 U.S.C. § 168ln(a)(l)(A).

38. Plaintiff and the Class are entitled to punitive damages for these violations, pursuant to 15 U.S.C. § 1681n(a)(2).

39. Plaintiff and the Class are further entitled to recover their costs and attorneys' fees, pursuant to 15 U.S.C. § 1681n(a)(3).

## PRAYER FOR RELIEF

40. WHEREFORE, Plaintiff, on behalf of herself and the Putative Classes, prays for relief as follows:

   a. Determining that the action may proceed as a class action under Rule 23 of the Federal Rules of Civil Procedure;
   b. Designating Plaintiff as class representative and designating Plaintiff's counsel as counsel for the Putative Class;
   c. Issuing proper notice to the Putative Class at Defendant's expense;
   d. Declaring that Defendant violated the FCRA;
   e. Declaring that Defendant acted willfully in deliberate or reckless disregard of Plaintiff's rights and its obligations under the law;
   f. Awarding appropriate equitable relief, including, but not limited to an

8

injunction forbidding Defendant from engaging in further unlawful conduct;

g. Awarding statutory damages and punitive damages as provided by the law;

h. Awarding reasonable attorneys' fees and costs as provided under the law; and

i. Granting any other relief, in law or equity, as the Court may deem appropriate and just.

## DEMAND FOR JURY TRIAL

41. Plaintiff demands trial by jury on all issues so triable.

Respectfully submitted,

**THE KIM LAW FIRM, LLC**

BY: */s/ Richard H. Kim    (RHK 8964)*
Richard Kim, Esquire
Attorney I.D. No.: 202618
Centre Square – West Tower
Suite W-3110
Philadelphia, PA 19102
Ph. 855-996-6342/Fax 855-235-5855
rkim@thekimlawfirmllc.com

Kevin J. Kotch, Esquire
Attorney I.D. No.: 70116
Ferrara Law Group, P.C.
One State Street Square
50 W State St., Suite 1100
Trenton, NJ 08608
609.571.3742 (Tel)
609.498.7440 (Fax)
kevin@ferraralawgp.com

*Attorneys for Plaintiff Angela Allen*

Dated: February 14, 2018

9